## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID MCCANN, | |
| Plaintiff, | Case No. 2:24-cv-01443 |
| v. | |
| NAMDAR REALTY GROUP LLC, MASON ASSET MANAGEMENT INC., PITT GALLERIA REALTY LLC, PITT REALTY LLC, PITT GALLERIA CH LLC, and PITT GALLERIA NASSIM LLC, | **FILED ELECTRONICALLY** |
| Defendants. | |

## COMPLAINT

COMES NOW, Plaintiff David McCann, and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this action against Namdar Realty Group LLC, Mason Asset Management Inc., Pitt Galleria Realty LLC, Pitt Realty LLC, Pitt Galleria CH LLC, and Pitt Galleria Nassim LLC ("Defendants"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, (the "ADA") and its implementing regulations, in connection with accessibility barriers in the parking lots and paths of travel at Defendants' property known as Pittsburgh Mills Mall, located 590 Pittsburgh Mills Circle, Tarentum, Pennsylvania (the "Facility").

2.     Plaintiff David McCann ("Plaintiff") has a mobility disability and is limited in the major life activity of walking, which has caused him to be dependent upon a wheelchair for mobility.

3.      Plaintiff has visited Defendants' Facility and was denied full and equal access as a result of Defendants' inaccessible parking lots and paths of travel.

4.      Defendants have discriminated against individuals with mobility disabilities by implementing policies and practices that violate the ADA's accessibility guidelines resulting in access barriers at Defendants' Facility.

5.      Unless Defendants are required to remove the access barriers described below and required to change their policies and practices so that access barriers do not reoccur at Defendants' Facility, Plaintiff will continue to be denied full and equal access to the Facility as described and will be deterred from fully using Defendants' Facility.

6.      The ADA expressly contemplates injunctive relief aimed at modification of a policy or practice such as the one Plaintiff seeks in this action.  In relevant part, the ADA states:

> [i]n the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy . . . .

42 U.S.C. § 12188(a)(2).

7.      Consistent with 42 U.S.C. § 12188(a)(2), Plaintiff seeks a permanent injunction requiring that:

a) Defendants remediate all parking and path of travel access barriers at Defendants' Facility, consistent with the ADA;

b) Defendants change their policies and practices so that the parking and path of travel access barriers at Defendants' Facility do not reoccur; and

c) Plaintiff's representatives shall monitor Defendants' Facility to ensure that the injunctive relief ordered by the Court has been implemented and will remain in place.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

8.      The ADA was enacted over a quarter-century ago and is intended to "provide a

clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

9.     The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

10.     Title III of the ADA generally prohibits discrimination against individuals with disabilities in the full and equal enjoyment of public accommodations, 42 U.S.C. § 12182(a), and prohibits places of public accommodation, either directly, or through contractual, licensing, or other arrangements, from outright denying individuals with disabilities the opportunity to participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(i), or denying individuals with disabilities the opportunity to fully and equally participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(ii).

11.     Title III further prohibits places of public accommodation from utilizing methods of administration that have the effect of discriminating on the basis of a disability. 42 U.S.C. § 12182(b)(1)(D).

12.     Title III and its implementing regulations define discrimination to include the following:

   a) Failure to remove architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January 26, 1992, 28 CFR § 36.304(a) and 42 U.S.C. § 12182(b)(2)(A)(iv);

   b) Failure to design and construct places of public accommodation for first occupancy after January 26, 1993, that are readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.401 and 42 U.S.C. § 12183(a)(1);

   c) For alterations to public accommodations made after January 26, 1992, failure to make alterations so that the altered portions of the public accommodation are readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.402 and 42 U.S.C. § 12183(a)(2); and

    d)  Failure to maintain those features of public accommodations that are required to be readily accessible to and usable by persons with disabilities, 28 C.F.R. § 36.211.

13.    The remedies and procedures set forth at 42 U.S.C. § 2000a-3(a) are provided to any person who is being subjected to discrimination on the basis of disability or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of 42 U.S.C. § 12183.  42 U.S.C. 12188(a)(1).

14.    The ADA also provides for specific injunctive relief, which includes the following:

In the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter.  Where appropriate, injunctive relief shall also include . . . modification of a policy . . . to the extent required by this subchapter.

42 U.S.C. § 12188(a)(2); 28 C.F.R. § 36.501(b).

## JURISDICTION AND VENUE

15.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188(a)(2).

16.    Plaintiff's claims asserted herein arose in this judicial district, and Defendants do substantial business in this judicial district.

17.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## PARTIES

18.    Plaintiff David McCann is and, at all times relevant hereto, was a resident of Plum, Pennsylvania. Plaintiff, as a result of an accident, is substantially limited in one or more major life activities, particularly with respect to ambulation. Plaintiff is, therefore, a member of a protected

4

class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 *et seq*.

19.    Defendant Namdar Realty Group LLC is a limited liability company organized under New York law and, upon information and belief, headquartered at 150 Great Neck Road, Great Neck, NY, 11021.

20.    Defendant Mason Asset Management Inc. is a corporation organized under New York law and, upon information and belief, headquartered at 150 Great Neck Road, Great Neck NY, 11021.

21.    Defendant Pitt Galleria Realty LLC is a limited liability company organized under Pennsylvania law and, upon information and belief, has a registered office located at 125 Locust Street, Harrisburg, PA 17101.

22.    Defendant Pitt Realty LLC is a limited liability company organized under Pennsylvania law and, upon information and belief, has a registered office located at 125 Locust Street, Harrisburg, PA 17101.

23.    Defendant Pitt Galleria CH LLC is a limited liability company organized under Pennsylvania law and, upon information and belief, has a registered office located at 125 Locust Street, Harrisburg, PA 17101.

24.    Defendant Pitt Galleria Nassim LLC is a limited liability company organized under Pennsylvania law and, upon information and belief, has a registered office located at 125 Locust Street, Harrisburg, PA 17101.

25.    Defendants own and control the Facility located at 590 Pittsburgh Mills Circle, Tarentum, Pennsylvania.

26.    Defendants' Facility is a public accommodation pursuant to 42 U.S.C. §12181(7).

## FACTUAL ALLEGATIONS

**I.    Plaintiff Has Been Denied Full and Equal Access to Defendant's Facility.**

27.    Plaintiff has visited Defendants' Facility within the limitations period, where he experienced unnecessary difficulty and risk due to excessive slopes and deteriorated surfaces in a purportedly accessible parking area and purportedly accessible route to an entrance to Defendants' Facility.

28.    Despite these risks, Plaintiff plans to return to Defendants' Facility, as he, a consumer of the goods and services offered at the Facility, lives near the Frazer Township area, and he regularly travels throughout the region to shop and/or patronize restaurants and other businesses.  Furthermore, Plaintiff intends to return to Defendants' Facility to ascertain whether the Facility remains in violation of the ADA.

29.    As a result of Defendants' non-compliance with the ADA, Plaintiff's ability to access and safely use Defendants' Facility has been significantly impeded.

30.    Plaintiff will be deterred from returning to and fully and safely accessing Defendants' Facility, however, so long as Defendants' Facility remains non-compliant, and so long as Defendants continue to employ the same policies and practices that have led to, and in the future will lead to, inaccessibility at Defendants' Facility.

31.    Without injunctive relief, Plaintiff will continue to be unable to fully and safely access Defendants' Facility, which is in violation of his rights under the ADA.

32.    As an individual with a mobility disability who is dependent upon a wheelchair, Plaintiff is directly interested in whether places of public accommodation, like Defendants' Facility, have architectural barriers that impede full accessibility to those accommodations to individuals with mobility-related disabilities.

6

II.     **Defendants Repeatedly Deny Individuals with Disabilities Full and Equal Access to Defendants' Facility.**

33.     Defendants are engaged in the ownership, operation, management, and development of the Facility.

34.     As the owners and/or operators and managers of the Facility, Defendants employ centralized policies, practices, and procedures with regard to the maintenance and operation of their Facility.

35.     To date, Defendants' centralized maintenance and operational policies and practices have violated the ADA by failing to remove architectural barriers, and by failing to maintain and operate the Facility so that the accessible features of Defendants' Facility are maintained.

36.     Defendants' access violations demonstrate that Defendants either employ policies and practices that fail to employ maintenance and operational policies and practices that fail to maintain accessibility.

37.     Plaintiff is not alone in objecting to Defendants' failure to maintain their property. On or about September 16, 2024, the Township of Frazer sued Defendants Pitt Galleria Realty LLC, Pitt Realty LLC, Pitt Galleria CH LLC, and Pitt Galleria Nassim LLC for failing to maintain roads it owns in and around Defendants' Facility. Due to Defendants' long running and ongoing neglect, the Township of Frazier estimates that it will cost in excess of $4.5 million to repair these roads.[1]

---

[1] Kellen Stepler, *Frazer sues Pittsburgh Mills mall owner over potholes, lack of maintenance*, TribLIVE Sept. 20, 2024, https://triblive.com/local/valley-news-dispatch/frazer-sues-pittsburgh-mills-mall-owner-over-potholes-lack-of-maintenance/

38.    The maintenance failures giving rise to both this Complaint and that of the Township of Frazer go beyond mere negligence. Defendants Namdar Realty Group LLC and Mason Asset Management Inc. have been repeatedly sued for allowing their properties to fall into disrepair.[2]

39.    Accordingly, Plaintiff seeks an injunction to remove the barriers currently present at Defendants' Facility and an injunction to modify the policies and practices that have created or allowed, and will create and allow, inaccessibility to affect Defendants' Facility.

## SUBSTANTIVE VIOLATION

40.    The allegations contained in the previous paragraphs are incorporated by reference.

41.    Defendants' Facility was altered, designed, or constructed after the effective date of the ADA.

42.    Defendants' Facility is required to be altered, designed, and constructed so that it is readily accessible to and usable by individuals who use wheelchairs.  42 U.S.C. § 12183(a).

43.    Further, the accessible features of Defendants' Facility, which include the parking lots and paths of travel, are required to be maintained so that they are readily accessible to and usable by individuals with mobility disabilities.  28 CFR § 36.211.

44.    The architectural barriers described above demonstrate that Defendants' Facility was not altered, designed, or constructed in a manner that causes it to be readily accessible to and usable by individuals who use wheelchairs, and/or that Defendants' Facility was not maintained so as to ensure that it remained accessible to and usable by individuals who use wheelchairs.

---

[2] Sasha Jones, *Inside mall owner Namdar's rapid growth story*, The Real Deal, Jan. 17, 2021, https://therealdeal.com/magazine/national-january-2021/mall-machine/

45. Furthermore, the architectural barriers described above demonstrate that Defendants have failed to remove barriers, as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

46. Defendants' failure to remove architectural barriers, and to maintain the accessible features of their Facility constitutes unlawful discrimination on the basis of a disability in violation of Title III of the ADA.

47. Defendants' Facility is required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.406; 28 C.F.R., pt. 36, app. A.

48. Defendants are required to provide individuals who use wheelchairs full and equal enjoyment of their Facility. 42 U.S.C. § 12182(a).

49. Defendants have failed, and continue to fail, to provide individuals who use wheelchairs with full and equal enjoyment of their Facility.

50. Defendants have discriminated against Plaintiff and have failed to make their Facility fully accessible to, and independently usable by, individuals who use wheelchairs in violation of 42 U.S.C. § 12182(a) as described above.

51. Defendants' conduct is ongoing and continuous, and Plaintiff has been harmed by Defendant's conduct.

52. Unless Defendants are restrained from continuing their ongoing and continuous course of conduct, Defendants will continue to violate the ADA and will continue to inflict injury upon Plaintiff.

53. Given that Defendant have not complied with the ADA's requirements to make Defendants' Facility fully accessible to, and independently usable by, individuals who use

wheelchairs, Plaintiff invokes his statutory rights to declaratory and injunctive relief, as well as

costs and attorneys' fees.

## **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff, prays for:

a.    A declaratory judgment that Defendants are in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendants' parking Facility, as described above, is not fully accessible to, and independently usable by, individuals who use wheelchairs;

b.    A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.501(b) which directs Defendants to:  (i) take all steps necessary to remove the architectural barriers described above and to bring their parking Facility into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the parking Facility is fully accessible to, and independently usable by, individuals who use wheelchairs; (ii) that Defendants changes their policies and practices to prevent the reoccurrence of access barriers in their parking Facility post-remediation; and (iii) that Plaintiff shall monitor Defendants' parking Facility to ensure that the injunctive relief ordered above remains in place.

c.    Payment of costs of suit;

d.    Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and

e.    The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated: October 16, 2024                Respectfully Submitted,

                                  */s/ R. Bruce Carlson*
                                  R. Bruce Carlson (PA 56657)
                                  Ian M. Brown (PA 201680)
                                  **CARLSON BROWN**
                                  222 Broad St.
                                  PO Box 242
                                  Sewickley, PA 15143
                                  (724) 730-1753
                                  bcarlson@carlsonbrownlaw.com
                                  ibrown@carlsonbrownlaw.com

                                  *Counsel for Plaintiff*